IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV86-03-MU

| | |
|---|---|
| JACINTO ELROY HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPECIAL AGENT NATHANIEL JONES, )<br>ASSISTANT DISTRICT ATTORNEY )<br>JASON PARKER, HAZEL SHERRILL, )<br>ESQ., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 30, 2008. (Document No. 1.)

Plaintiff's Complaint alleges that despite the fact that the grand jury did not return a true bill against him for the sale of counterfeit controlled substance in connection with case number 00CRS57531, he pled guilty to the charge and was convicted of such.[1] Plaintiff alleges that the Assistant District Attorney Jason Parker and Defendant Special Agent Nathaniel Jones conspired together "to introduce evidence against him that was deemed insufficient to support an indictment by the Grand Jury of Iredell County." (Complaint at 5.) He contends that Assistant District Attorney Jason Parker "acted under color of law with deliberate indifference by bringing Plaintiff [] before

---

[1] Plaintiff attached to his Complaint a copy of Iredell County Superior Court Judge Kimberly Taylor's Order finding that the court did not have jurisdiction over Plaintiff's case 00CRS57531 because the grand jury returned an indictment marked "not a true bill" on January 2, 2001. As such, Judge Taylor removed the sentence received by Plaintiff in ooCRS57531 and directed that such records, charge and conviction be expunged. See MAR Order attached to Plaintiff's Complaint.

1

the Iredell County Superior Court to convict and sentence [him] to an active term in the N.C. Department of Correction with said illegal evidence, presented to the courts by Special Agent Nathaniel Jones, a Law Enforcement Officer of the United States Bureau of Alcohol, Tobacco and Firearms." (Complaint at 9.). Plaintiff contends that his court-appointed counsel, Hazel Sherrill, "plead him guilty as charged without doing any investigation or reading of the paperwork handed down by the Court." He further alleges that Ms. Sherrill "acted under color of law with deliberate indifference by failing to safeguard [his] rights, privileges and immunities secured by the U.S. and N.C. Constitutions and failed to provide adequate and effective assistance of counsel pursuant to the 6, 14 Amendment of the U.S. Constitution under Due Process and Equal Protection of the law by failing to enter pre-trial motions to suppress evidence deem not admissible by the Grand Jury's findings in an indictment clearly marked Not a True Bill." (Complaint at 13.)

By way of relief, Plaintiff asks that Plaintiff asks that ATF Agent Nathaniel Jones be fired, cited for obstruction of justice and required to pay Plaintiff monetary damages. Plaintiff asks that Assistant District Attorney Jason Parker be suspended, cited for obstruction of justice, have his law license revoked and be required to pay Plaintiff monetary damages. Finally, Plaintiff asks that Hazel Sherrill be suspended, cited for obstruction of justice, have her law license revoked and be required to pay Plaintiff monetary damages. Plaintiff also asks that this Court vacate his other convictions and sentences that Ms. Sherrill represented him on because "it is clear that the Plaintiff could not have received a fair or just trial or plea hearing by the representation of Hazel Sherrill in these cases." (Complaint at 16.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Plaintiff named Assistant District Attorney

Jason Parker, ATF Agent Nathaniel Jones and his court-appointed attorney, Hazel Sherrill as defendants to this action. As an initial matter, Assistant District Attorney Jason Parker would be immune from suit. A prosecutor is a quasi judicial officer who enjoys absolute immunity when performing prosecutorial functions, Imbler v. Pachtman, 424 U.S. 409 (1976). Therefore, Assistant District Attorney Jason Parker enjoy judicial immunity.

Next, ATF agent Nathaniel Jones is a federal agent and as such is not a state actor and therefore cannot be sued under 42 U.S.C. § 1983. Finally, Hazel Sherrill, Plaintiff's court-appointed attorney, is also not amenable to suit under §1983. Indeed, defense attorneys, whether privately retained or publically appointed, are not amenable to suit under § 1983. Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. § 1983 action against retained counsel); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: August 11, 2008

Graham C. Mullen
United States District Judge